

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD WESLEY CHURCH, | No. 11-17374 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01563-DGC |
| v. | |
| STATE OF ARIZONA and CHARLES L. RYAN, Director, Arizona Department of Corrections, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Ronald Wesley Church appeals from the district court's order denying his 28

U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concluded that this case was suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 2253(a). We affirm.

We conclude that there is insufficient evidence to find that Church's counsel performed deficiently. Even if Church's counsel had performed deficiently in failing to adequately inform the state trial court as to Church's conditional competency and judicially mandated requirement to take competency-restoring medication, however, Church has failed to show prejudice because the state trial judge engaged in an extended colloquy with Church to evaluate Church's competency on the day of trial, which questioning confirmed to the trial judge that Church was competent. Given the trial court's first-hand evaluation of Church on the day of trial, we conclude that there is no reasonable probability that if Church's counsel had presented complete information to the trial court as to his conditional competency and asked for a continuance on that basis that the trial court would have granted such a continuance. We thus conclude that the last reasoned Arizona state court decision denying Church post-conviction relief was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *see also Strickland v. Washington*, 466 U.S. 668, 687, 694–96 (1984).

**AFFIRMED.**

2